# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HENCIL CANNON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | Jury Trial Demanded |
| ) | |
| BURLINGTON COAT FACTORY OF ) | |
| NORTH CAROLINA, LLC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes now the plaintiff, and complaining of the defendant, alleges and says:

### NATURE OF COMPLAINT

1. This is an action seeking damages against Defendant for violation of Plaintiff's rights protected by the Age Discrimination in Employment Act, 29 U.S.C. § 621 and wrongful discharge based on State Law.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Hencil Cannon, approximate age 77 at the time of the incidents alleged herein, is a citizen and resident of Mecklenburg County, North Carolina.

3. Defendant, Burlington Coat Factory of North Carolina LLC, is a Domestic Limited Liability Corporation located in North Carolina and may be served with process through its registered agent, CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, North Carolina, 27601.

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (c) as Defendant is subject to the personal jurisdiction of this Court and because many of the acts giving rise to this action occurred in this District.

## ALLEGATIONS

6. Hencil Cannon, began working for Defendant on or about September 16, 1999.

7. Plaintiff worked at Defendant's Concord, North Carolina location which is located inside Concord Mills Mall, in Cabarrus County.

8. Plaintiff worked for Defendant as an Area Manager throughout his employment.

9. Plaintiff was qualified for the position of Area Manager.

10. On December 15, 2009, Plaintiff sent a written complaint to Defendant's Human Resource Department. In the complaint, Plaintiff reported discrimination toward older white employees and that a member of management told him "you know that we are bringing in younger, new employees."

11. A true and exact copy of Plaintiff's written complaint is attached hereto as Exhibit A.

12. Plaintiff had in fact, observed that many other older white employees had been terminated or "forced out," and replaced with younger employees.

13. Plaintiff was informed that he was being discharged on June 25, 2010.

14. Plaintiff was told that he was being terminated due to his performance, even though he was performing acceptably.

15. Plaintiff alleges that any problems which occurred in his department were due to lack of staffing.

16. Plaintiff alleges that Defendant replaced him with a substantially younger employee.

17. Plaintiff believed that Defendant's real reason for terminating him was age discrimination as other older employees were terminated and replaced by substantially younger employees and in retaliation for his complaint of age discrimination.

18. On July 16, 2010, Plaintiff filed a charge of Age Discrimination and Retaliation against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"). (A copy of that charge, with personal information redacted, is attached hereto as Exhibit B.)

19. The EEOC issued Plaintiff a Notice of Right to Sue on January 30, 2012. (A copy of the Notice of Right to Sue is attached hereto as Exhibit C). This action is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

**FIRST CLAIM FOR RELIEF**
**(ADEA, 29 U.S.C. § 621 et. seq.)**

20. Plaintiff incorporates by reference the allegations of paragraph 1 through 19 of the complaint.

21. Defendant replaced Plaintiff with a substantially younger person.

22. Defendant's reason for terminating Plaintiff is pretextual.

23. Defendant's termination of Plaintiff was due to Plaintiff's age (approximately 77).

24. Defendant's termination of Plaintiff "but for" his age, over 40, violated the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et. seq*.

25. Defendant's termination of Plaintiff in violation of the ADEA caused Plaintiff's injuries including but not limited to lost wages, salary and benefits.

26. Defendant's action in terminating Plaintiff was willful and damages awarded for such willful conduct should be doubled.

27. Therefore, Plaintiff sues Defendant for his termination violation of the ADEA, 29 U.S.C. § 621 et. seq.

**SECOND CLAIM FOR RELIEF**
**(Wrongful Discharge)**

28. Plaintiff incorporates by reference the allegations of paragraphs 1 through 19 of the complaint.

29. The public policy of the State of North Carolina as set forth in N.C.G.S. 143-422.1 *et. seq.* prohibits employers from terminating an employee, or otherwise subjecting employee to adverse employment actions, because of the employee's age over 40.

30. Defendant's termination of Plaintiff due to his age is a violation of that public policy and, therefore, Defendant wrongfully discharged Plaintiff.

31. Defendant's termination of Plaintiff due to his age caused Plaintiff's injuries including but not limited to losses in wages, salary and benefits and great emotional distress, mental pain, suffering, stress, grief, worry and mental anguish.

32. Defendant's termination of Plaintiff was willful, intentional and in reckless disregard for Plaintiff legally protected rights.

33. Therefore, Plaintiff sues Defendant for wrongful discharge in violation of public policy.

**THIRD CLAIM FOR RELIEF**
**(ADEA Retaliation, 29 U.S.C. § 621 et. seq.)**

34. Plaintiff incorporates by reference the allegations of paragraph 1 through 19 of the Complaint.

35. Plaintiff's written report of age biased comments and discriminatory treatment of older employee's was an activity protected by the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq*.

36. Defendant's termination of Plaintiff was motivated by the written complaint which was protected activity.

37. Defendant's alleged reasons for Plaintiff's termination are untrue and a mere pretext for retaliation.

38. Defendant's termination of Plaintiff in retaliation for his protected activity violated the ADEA, 29 U.S.C. § 621 *et. seq*.

39. Defendant's termination in violation of the ADEA caused Plaintiff's injuries including but not limited to lost wages, salary, and benefits.

40. Defendant's actions in terminating Plaintiff are intentional, willful, and in reckless disregard for Plaintiff's legally protected rights and justifies awarding liquidated damages.

41. Therefore, Plaintiff sues Defendant for his termination in violation of 29 U.S.C. § 621 *et. seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for lost wages, lost benefits, and other economic losses that were proximately caused by the discriminatory and/or unlawful actions reference herein.

B. The Court enter a judgment in favor of Plaintiff and against Defendant pursuant to the ADEA for liquidated damages.

C. The Court enter an award in favor of Plaintiff and against Defendant pursuant to the ADEA for reasonable expenses and costs including attorney's fees.

D. The Court enter an award in favor of Plaintiff and against Defendant for punitive damages caused by its intentional, willful, wonton, and reckless actions in wrongfully discharging Plaintiff.

E. The Court enter an award in favor of Plaintiff and against Defendant for the great emotional distress, mental pain, suffering, stress, grief, worry and mental anguish caused by Defendant's wrongfully discharging Plaintiff.

F. This matter be tried by a jury.

G. The judgment bear interest at the legal rate from the date of filing this action until paid;

H. Defendant be taxed with the costs of this action; and

I. The Court order such other and further relief as it may deem just and proper.

Respectfully submitted this the 1st day of May, 2012.

/s/ KIRK J. ANGEL
Kirk J. Angel NCSB# 33559
Attorney for the Plaintiff
THE ANGEL LAW FIRM, PLLC
6471 Morehead Road
PO Box 692
Harrisburg, NC 28075
Telephone: 704.455.3311
Facsimile: 704.973.7859
e-mail: kirk@theangellawfirm.com